Matter of Sigmon v O'Neill (2020 NY Slip Op 00989)





Matter of Sigmon v O'Neill


2020 NY Slip Op 00989


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10992 100579/17

[*1] In re Christopher Sigmon, Petitioner-Respondent,
v
James P. O'Neill, etc., et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for appellants.
Chet Lukaszewski, P.C., Garden City (Chester Lukaszewski of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered March 29, 2018, which granted the petition seeking to annul respondents' determination, dated January 11, 2017, denying petitioner's application for an Accident Disability Retirement (ADR) pension, and awarded petitioner ADR retroactive to January 11, 2017, unanimously affirmed, without costs.
Petitioner met his burden of establishing that he was entitled to ADR benefits by submitting a report from the surgeon who performed his spinal surgery, an emergency room report and a contemporaneous line-of-duty (LOD) report each indicating injury to his shoulder and back, and an MRI showing chronic changes consistent with the symptoms reported to petitioner's surgeon
(see Matter of Salvia v Bratton, 159 AD3d 583 [1st Dept 2018], lv denied 31 NY3d 913 [2018]). Such medical evidence showed that petitioner suffered from chronic back pain as a result of the LOD injury.
Respondents' determination that petitioner's accident was not causally related to his disability, based primarily on an almost two-year gap in treatment, during which time petitioner returned to full duty, was conclusory in light of the medical evidence (see Matter of Boder v O'Neill, 170 AD3d 528, 529 [1st Dept 2019] lv denied 33 NY3d 910 [2019]; Salvia at 583-584). Respondents failed to refute the opinion of petitioner's surgeon that the condition was causally related to the LOD injury, or offer an alternative trigger, and failed to consider the measures petitioner took during the gap in treatment to control his back pain.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK